**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| **PENNYMAC CORP.** <br> **3043 Townsgate Road** <br> **Westlake Village, CA 91361** <br><br> **Plaintiff** <br><br> v. <br><br> **EVANS KAKPOVI** <br> **2005 Powder Mill Road** <br> **Silver Spring, Maryland 20903** <br><br> **Defendant** | * <br><br> * <br><br> * <br><br> *    Case No. _____ <br><br> * <br><br> * <br><br> * |

* * * * * * * * * * * * * *

## COMPLAINT

Plaintiff, PennyMac Corp., by its undersigned counsel, hereby sues Defendant, Evans Kakpovi, and states as follows:

### Introduction

1. PennyMac brings this action to clarify its rights under a $296,180 deed of trust on the real property known as 2005 Powder Mill Road, Silver Spring, Maryland (the "Property"). This action is necessary because the original deed of trust was lost before being recorded.

### The Parties

2. Plaintiff, PennyMac Corp., is a Delaware Corporation whose principal office is in Westlake Village, California.

3. Defendant, Evans Kakpovi, is an individual citizen of Maryland who resides in Montgomery County.

1

**Jurisdiction and Venue**

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in the District of Maryland under 28 U.S.C. § 1391(a) because the property that is the subject of this action is in this District.

**Facts Common to All Counts**

6. On February 11, 2015, Kakpovi purchased the Property in fee simple. A copy of his deed is attached hereto as **Exhibit A**.

7. On November 25, 2017, Kakpovi borrowed $296,180, secured by a deed of trust (the "Deed of Trust") on the Property. A copy of the Deed of Trust is attached hereto as **Exhibit B**.

8. PennyMac Corp. is the current holder of the note and the loan secured by the Deed of Trust.

9. The original Deed of Trust was lost before being recorded in the Land Records for Montgomery County.

10. Although an exact photocopy of the Deed of Trust (Exhibit B) exists, the land records office will not accept a photocopy for recordation without a court order.

**Count I – Declaratory Judgment**

11. Plaintiff incorporates all preceding paragraphs as if set forth fully here.

12. The parties to the Deed of Trust intended for it to be valid and enforceable and to create a first position lien on the Property.

13. Because the Deed of Trust has not been recorded, uncertainty exists as to Plaintiff's

rights under the Deed of Trust and its lien on the Property.

14. A declaratory judgment of this Court would resolve this uncertainty.

WHEREFORE, Plaintiff prays that this Honorable Court enter a judgment as follows:

A. Declaring that the Deed of Trust is valid and enforceable and creates a first position lien on the Property;

B. Declaring that the attached photocopy of the Deed of Trust shall be valid as the original for all purposes, including recordation in the Land Records of Montgomery County; and

C. Granting such other relief as is deemed appropriate.

Respectfully submitted,

/s/ Martin H. Schreiber II
Martin H. Schreiber II (Bar No. 22886)
mhs@schreiber-law.com
(Signed by Staci J. Krupp, Esq. with the permission of Martin H. Schreiber II)

/s/ Staci J. Krupp
Staci J. Krupp (Bar No. 14966)
sjk@schreiber-law.com

Law Office of Martin H. Schreiber II, LLC
3600 Clipper Mill Road, Suite 201
Baltimore, MD 21211
Phone:  410-366-4777
Fax:  443-308-5688

*Attorneys for Plaintiff,
PennyMac Corp.*